THE STATE *ex rel.* SCHOOL DISTRICT v. BYERS *et al., Appellants.*

1. **School Districts.** The school law of March 19th, 1870, (Acts 1870, p. 139,) did not have the effect of dividing into two school dis-tricts a Congressional township which lay partly in one county and partly in another. It only authorized the division to be made in case each fraction of the township could be attached to some other township in the county in which it lay, and no mode of making the attachment was provided until the act of March 26th, 1874. (Acts 1874, p. 152, sec. 23.)

2. **School Tax**: MANDAMUS TO COUNTY CLERK. Mandamus will lie to compel a county clerk to extend a school tax upon the tax-books according to the estimate furnished him by the district di-rectors; and this notwithstanding the extension has been prohibited by an order of the county court. That tribunal has no control over the county clerk in respect to the assessment and extension of school taxes.

3. ———: MANDAMUS TO COUNTY COURT. Mandamus will not lie to compel a county court to rescind an order by which it has under-taken to prohibit the county clerk from assessing and extending a school tax.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

This was a proceeding by mandamus instituted on be-half of school district No. 2, township 28, range 29, Jasper and Lawrence counties, against the justices of the county court and the county clerk of Jasper county, to compel the justices to rescind an order of the county court whereby they

had undertaken to prevent the clerk from extending certain school taxes within the district, and to compel the clerk to proceed and extend them according to law. A peremptory writ was ordered and respondents appealed.

*W. H. Phelps* and *J. W. Sennett* for appellants.

*Harding & Buler* for respondent.

HENRY, J.—The plaintiff presented a petition to the circuit court of Jasper county stating that the local directors of the said school district, on the third Saturday in April, 1873, made and forwarded to the township clerk an estimate of the amount necessary to sustain a school in said district not less than four nor more than six months, and also to pay the expense of erecting a school-house, and that the share of the estimate to be paid by the portion of the district lying in Jasper county was by the township clerk duly forwarded to the county clerk of Jasper county, who extended the same upon the school tax-book; that the county court of Jasper county, on the 22d day of January, 1874, without warrant or authority of law, ordered the tax to be stricken off of the tax-book, and that the collector should cease collecting the tax, and refund any already collected to the persons from whom it had been collected, which was done; that on the third Tuesday of April, 1874, the qualified voters of the district, at an election held for that purpose, determined the length of time school should be kept in the district, and the estimate therefor, and also ordered a tax to be levied for the purpose of paying existing indebtedness incurred in erecting and furnishing a school-house; that the directors thereupon forwarded to the county clerk an estimate of the amount necessary for the purposes aforesaid ; and that the county clerk of Jasper county, acting under and in obedience to the orders of the county court, neglected and refused to assess the amount against the taxable property of said dis-

trict lying in Jasper county, or to extend the tax upon the tax-book, whereby the same was not collected; that on the first Tuesday of April, 1875, the qualified voters of said district also made a similar estimate for the ensuing year, which was forwarded to the clerk of Jasper county, who, acting under the orders of the county court, refused and reglected to assess the same upon the property of the district in Jasper county. Wherefore plaintiff asked that a mandamus issue, directing the county court to vacate and annul the order setting aside the levies and assessments, and also directing the clerk of the county court to extend the estimates upon the tax-books against the taxable property in said district, and also commanding the county court to desist from all interference therewith. Whereupon the court issued an alternative writ of mandamus, commanding the county court to immediately vacate and annul the orders aforesaid, and commanding the county clerk to extend the taxes, based upon the estimates, upon the tax-books of township 28, range 29, or show cause to the contrary.

The defendants, for a return to the writ of mandamus, stated that the district was organized in 1868, composed of territory lying in Jasper and Lawrence counties; that the school district and also the township in which it lies were divided by the county line between Jasper and Lawrence counties; that the school-house was built in Lawrence county, but that the district had been lawfully divided, and that part of the district lying in Jasper county detached from the original district before the assessment set out in the petition; and that the county court, on petition of the residents of that portion of the original district lying in Jasper county, had stricken off the taxes, from which order no appeal had been taken. To which return the relator demurred upon the ground that the facts set up in the return were not sufficient to constitute a defense, and were insufficient in law, which demurrer was sustained, and a peremptory writ ordered, requiring the county court to set

aside the order complained of, and directing the clerk to make the levy of taxes; and the defendants filed a motion for a new trial and in arrest, which were overruled, and the cause comes up by appeal.

Defendants rely on section 1 of the act of March 19th, 1870, (Sess. Acts, p. 139,) which is as follows:

" Sec. 1.   Hereafter each and every Congressional township in this State shall compose but one school district for all purposes connected with the general interests of education in such township, except townships divided by county lines or large water-courses, the portions of which may be attached to adjoining townships if such portions can be so attached to townships in the same county; otherwise, they shall constitute separate districts, and shall be confided to the management and control of a board of education, as hereinafter provided; and the several school districts, or fractional parts thereof, which now are or may hereafter be established in the several organized townships of this State shall be regarded as subdistricts, and be confided to the management and control of local directors, as hereinafter provided.   But nothing contained in this act shall be so construed as to give the township board of education, or the local directors in sub-districts, jurisdiction over any territory in the township included within the limits of any city, town or village, with the territory annexed thereto for school purposes, which shall elect or appoint a board of education, and which now is or may be hereafter governed, as to schools, by any special or other act."

No provision is made in this act for effecting this separation, and section 1 does not seem to have been intended

1. SCHOOL DIS-
TRICTS.

to accomplish that result, but to provide that the separation should be made if such fractions of townships could be attached to townships in the same county.   There was, therefore, a matter to be determined before the separation could be made.   Whether the separation should be had depended upon the feasibility

of attaching such fractions to townships in their respective counties. Section 23 of the act of March 26th, 1874, does provide a mode of attaching a portion of a district divided by a county line to an adjoining district in the county in which such portion lies. It is as follows:

"Whenever any school district or districts shall be divided by county lines, and a majority of the qualified voters residing in either fractional part thereof may desire to attach themselves to an adjoining district within their own county, or form a separate district, they shall hold an election for that purpose, first giving twenty days' notice by posting up printed or written hand-bills in three of the most public places in such fractional district, stating the time, place and object of the election, and, if a majority of the votes cast at such election be in favor of uniting themselves to an adjoining district in their own county, or forming a separate district, they shall notify the district clerk of the district interested of the result of the election; and if it is desired by such fractional district and a portion of the adjoining district to form a new district," &c., proceeding to state how that shall be done.

It would seem from this that the General Assembly did not understand section 1 of the act of 1870 as effecting the separation, but wisely provided a mode of effecting the separation contemplated by that act. Equities were to be adjusted in the event of a separation, and no means of adjusting those equities were provided by that act. It is not alleged that the method of separation prescribed by the act of 1874 was adopted by that portion of the district lying in Jasper county, nor, indeed, is it alleged that any steps whatever were taken to accomplish the separation, but defendants rely solely upon the act of 1870 as having accomplished it.

The extension of the assessment upon the school tax-book is a ministerial, and not a judicial, act, and it was the duty of the clerk of the county court of Jasper county, on the receipt of the estimates

2. SCHOOL TAX: mandamus to county clerk.

made by the local directors from the proper officer, to proceed to assess the amount so returned and place it upon a separate tax-book, to be known as the school tax-book; and a mandamus could have been resorted to to compel him to discharge that duty.

The county court had no jurisdiction in the premises. That tribunal has nothing to do with the school taxes, assessed as is provided in Session Acts of 1870, section 34, until a return of the delinquent list, when the delinquent taxes are to be collected in the same manner as other delinquent taxes on lands. Having discharged his duty, the county court had no jurisdiction to annul the clerk's proceeding, and, while a majority of the court hold that it is not competent in a mandamus proceeding to compel the county court to rescind its order, the existence of that order is not regarded as an obstacle to a mandamus to compel the clerk to discharge his duty under the school law in regard to the assessment and extension of the taxes on the school tax-book. The order of the county court was wholly unauthorized. The performance of the duty required of the clerk was not subject to the revision or control of the county court. The statute imperatively requires him to perform it. If in a given case it be improper to make such extension and assessment, the tax-payers have a remedy to prevent it by proceeding in the circuit court.

For the error in the judgment, commanding the county court to rescind its order, the judgment is reversed and the cause remanded. All concur.

REVERSED.