THE STATE *ex rel.* SCHOOL DISTRICT No. 6, v. RILEY,
*County Clerk.*

1. **School Districts** : CHANGE OF BOUNDARIES : COUNTY COMMISSIONER.
A county school commissioner, when deciding as to the change of
boundaries of school districts, referred to him under Revised Stat-
utes, section 7023, cannot change such boundaries otherwise than as
proposed in the election held under the statute. He must confine
himself to the question whether the change proposed in said elec-
tion shall, or shall not be made.

2. **Mandamus.** Mandamus will lie to compel the county clerk to
assess the school taxes of a district on the taxable property therein,
according to its legal limits.

*Appeal from Buchanan Circuit Court.*—HON. W. H.
SHERMAN, Judge.

REVERSED.

*J. W. Boyd* for appellant.

(1) An appeal lies from the judgment of the court
in this case. R. S., sec. 3258; *Ex parte Skaggs*, 19 Mo.
339. (2) Mandamus is the proper remedy to compel the
county clerk to discharge his duty in extending the es-
timate of school taxes on the property within the dis-
trict. *State ex rel. v. Byers*, 67 Mo. 706; *State ex rel. v.
Heath*, 56 Mo. 231. (3) The county school commissioner
has not the legal authority to change the boundary lines
between school districts at his pleasure; he could not
establish a boundary line different from the one voted
on. The line which he attempts to establish cuts off
from district six the land mentioned in the alternative
writ, and as this action of the school commissioner is
without authority, and absolutely void, this land is still
in district six, and the court ought to so find in this kind
of a proceeding. 56 Mo. 231; 58 Mo. 297. The case in
67 Mo. 706, is in many respects like this case; and under

the law, as there laid down, and in section 7023 of the statutes, the relief asked should be granted.

*B. J. Woodson* for respondent.

The peremptory writ of mandamus was properly refused. The evidence in this case shows that district number five was formed in accordance with law, and has been acting as such school district for more than two years next before the bringing of this suit. If it be true, as appellant contends, that under section 7023 the commissioner had no power to vary the line voted on, *quo warranto* is the only proper remedy. 62 Mo. 247–252; 16 Mo. 88; 84 Ill. 162, 163; *People v. Maynard*, 15 Mich. 463, 470; Cooley on Const. Lim. (5 Ed) 311, side page 254, and cases cited. The formation of district number five, after its existence for more than two years, cannot be inquired into, or impeached, in a collateral proceeding. *Rawson v. Von Riper*, 1 Thomp., etc. (N. Y.) 370, or 5th U. S. Digest, new series, 677, Title Schools, sec. 12; 23 Ill. 463; 62 Mo. 252; *Rice v. Shieles*, 58 Mo. 116–122. The county clerks can only take school districts as they are furnished them by the school officers of their respective counties.

DeArmond, C.—School district number five lay immediately north of and adjoining school district number six. The two districts voted upon a proposition to change their boundaries by taking out of the northeast corner of district six a mile square of its territory and giving it to district five. Number five voted for, and number six against the proposed change. The matter then went to the county commissioner, who decided to change the dividing line between the districts, by taking from number six and adding to number five, a strip two and a half miles long, from east to west, and varying in width from north to south from one-fourth to a half a mile. Thus, it is seen the commissioner assumed the

power to detach from six and attach to five a portion of the mile square, a larger extent of territory not embraced in the proposition upon which the district voted. To be exact in statement, the commissioner took from six and added to five, two hundred and forty acres of the mile square before mentioned, and three hundred and sixty acres not alluded to in the proposition upon which the people voted. He transmitted to the clerks of the respective districts his said decision. The decision was entered upon the records of district five, but not upon those of district six, where it was disregarded. Number six sent to the county clerk the usual estimates for the district. The clerk refused to extend upon the proper books the assessment against the property which, by action of the commissioner, had, as it is claimed, gone from number six to number five, but assessed and extended the amount of the estimates on and against the residue of the property in number six. This is a proceeding to compel the clerk, by mandamus, to assess and extend the school taxes of district number six against the real estate and other property in the disputed territory, subject to taxation. Upon the hearing, the alternative writ was dismissed, and the peremptory writ denied ; and judgment entered against relator for costs. The record presents two questions, one as to the validity of the decision of the county commissioner, the other as to the remedy.

I.   The power and authority of the county commissioner is derived from section 7023, Revised Statutes. The proposition to make the specified change having been voted upon in the several districts to be affected, such change shall be at once accomplished, if all of said districts vote in favor of it, "but if a part of the districts affected vote in favor of, and a part against, such change, the matter shall be referred to the county commissioner for final decision, who shall proceed to inform himself as to the necessity of the *proposed change,* and and his decision thereon shall be final." That the de-

cision which the commissioner is authorized to make, is final, is expressly decided in *State ex rel. v. Young*, 84 Mo. 90, opinion by Martin, commissioner. But what decision is this officer authorized to make? Must he confine himself to a decision that the proposed change shall be, or shall not be made? Or, the voters of the districts to be affected, having disagreed as to the making of the proposed change, is the commissioner then clothed with authority to make another and different change by a decision that shall be final? We cannot, by a forced, unnatural construction, disfranchise the citizen for no greater offence than that of having exercised the lawful privilege, and discharged the lawful duty of voting upon a proposition submitted to vote, and affecting the welfare of himself and neighbors. As well might a justice of the peace, and his decision is not final, in a proceeding on the complaint of a wife to place the husband under bond to keep the peace, release the wife from the bond matrimonial.

II. Then will mandamus lie against the county clerk to compel him to assess the school taxes of said district six, agreeably to the said estimates against the taxable property therein, according to the old, and legal limits of said district? I answer, yes, upon the express, and, as I think, conclusive authority of *State ex rel. v. Byers*, 67 Mo. 706, opinion by Judge Henry. The peremptory writ should have issued; hence the judgment must be reversed and the cause remanded. All concur.