STATE OF MISSOURI ex rel. DISTRICT No. 3, TOWNSHIP 31, RANGE 22, of GREENE COUNTY, MISSOURI, Respondent, v. PATTON, Appellant.

St. Louis Court of Appeals, October 18, 1904.

1. SCHOOL DISTRICTS: County Commissioner: Jurisdiction. Under section 9742 of the Revised Statutes of 1899, the action of the county school commissioner, relating to the change of boundaries of school districts, when he acts within the scope of his authority, is not subject to collateral attack; but the authority of such county commissioner is confined to propositions submitted to the voters of the districts concerned; he has no authority to create districts differing from those specified and balloted upon at the district annual meeting.

2. ———: Mandamus. When a county clerk refuses to extend levies and make an assessment for a school district, it has a remedy by a mandamus to compel such action.

3. ———: Certiorari. The fact that the remedy by certiorari may exist, does not deprive a school district of its right to a remedy by a mandamus against the county clerk in such cases.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville,* Judge.

AFFIRMED.

*Wright Bros. & Blair* for appellant.

(1) Mandamus does not lie in this case. Burnham v. Rogers, 167 Mo. 17, 66 S. W. 970; Baubie v. Ossman, 142 Mo. 499, 44 S. W. 338; School Dist. No. 4 v. Smith, 90 Mo. App. 215. (2) The petition does not state facts sufficient to constitute a cause of action. (3) Neither the consolidated district nor the officers thereof are made parties to this action, though the judgment of the court necessarily and vitally affects them, hence neither the judgment against the defendant nor any other judgment should have been rendered until they were brought in. (4) Certiorari would have brought up the record of the board of arbitration for direct action. State ex rel. v. County Court, 45 Mo. App. 391; State ex rel. v. Williams, 70 Mo. App. 241.

*Lincoln & Lydy* for respondent.

(1) The facts of this case are similar to the facts in the following two cases, where it is held that the board of arbitration can not change the boundaries otherwise than as proposed in the election and that mandamus will lie to compel the county clerk to extend the school levy on the taxable property therein according to its legal limits. State ex rel. School District No. 6 v. Riley, County Clerk, 85 Mo. 156; State ex rel. v. Byers, 67 Mo. 706; R. S. 1899, sec. 9742; State ex rel. v. Tracy, 94 Mo. 217. (2) Appellant cites cases asking for injunctive relief against the collection of a tax, and discussing collateral attack. These cases are not in point, because the proceedings of the board of arbitration are void.

No presumption is indulged in favor of their validity,. but all the facts must be shown giving jurisdiction. These pretended directors could not take an appeal. It. is held that unless it is shown on the face of the proceed-. ings that the arbitrators were taxpayers, the proceeding is void. State ex rel. v. Wilson, 74 S. W. 404; School Dist. 1 v. School Dist. 4, 94 Mo. 612, 7 S. W. 285.

## STATEMENT.

The respondent presented a petition to the circuit court of Greene county, stating that it was a school district embracing territory in such county described and defendant was the county clerk of Greene county; that in March prior, petitions signed by more than ten qualified voters of school districts numbered 3, 4 and 5, all in township 31, range 22, all school districts organized under the statutory enactments of the State, were presented to the district clerks of such districts 3 and 4,. but to a person not the clerk in fact of district numbered 5, praying for the posting of notices to change the boundaries of such school districts to be voted upon at the annual school meeting in April, 1902; that notice of such proposed change was not posted in five public places in district numbered three, and no notice signed by the duly elected and acting clerk of district number five was ever posted therein, that the propositions were voted upon in districts numbers three and four and a majority of the votes were against the change proposed,. and in district number five, one faction voted on and declared the propositions carried, and the matter was appealed, but not by any of the district, to the county school commissioner who appointed a board of arbitration, which rendered a decision uniting district number 3 and the territory of district number 5; that the propositions contained in such petitions and notices and balloted upon were to change the boundaries so as. to unite district number 5, except certain territory,.

specifically withheld, with district number 3 to form a new district, and to unite the territory excepted to district number 4. That the school board of district number 3 in May, 1902, made and forwarded an estimate of funds necessary to sustain the school for the time required by law, stating therein the amount deemed necessary for each fund and the rate required to raise the amount. The relator further recited that it had filed with defendant as county clerk such estimate of the amount required to be levied on the lands of district number 3 as by law required, and it became the duty of the clerk to assess the amount so returned on all taxable property in such district as shown by the last annual assessment for State and county purposes, the levy to be extended according to such estimate, not exceeding the ratio allowed by law, and it was the duty of the clerk to extend such levies upon the general tax-books of the county for years 1902 and 1903. The petition proceeding charged refusal by appellant to extend such levies and make such assessment, and relief by mandamus was invoked.

A demurrer, challenging the petition as not stating sufficient facts, as showing on its face that no such corporation existed as therein claimed, and asserting that on the face of the record, judgment could not be rendered against the defendant, was overruled and for return the defendant, coupled with a general denial, stated that as clerk of the county of Greene he was duly notified of the consolidation of districts numbers 3 and 5 by the county school superintendent of Greene county April, 1902, and the district as consolidated duly authorized the estimate required empowering him to extend the levy on the tax-books and that such estimate was delivered to him duly made. Upon trial the testimony, oral and documentary, tended to establish the verity of the petition, and the trial court, refusing declarations of law prayed by appellant, that under the evidence and pleadings the plaintiff could not recover

and that the findings of the board of arbitration and the county school superintendent were conclusive and not subject to review by the court, in an elaborate and comprehensive judgment, made findings of fact in conformity to and establishing the allegations of the petition, and awarded a peremptory writ, from which ruling defendant appealed and an appeal was perfected to the Supreme Court, by which tribunal the cause was transferred to this court.

REYBURN, J. (after stating the facts).—1. The power and authority of such board of arbitration and county commissioner, in these proceedings identified as county school superintendent, are provided and defined by section 9742 of Revised Statutes of 1899, an amendment of section 7972 of statutes of 1889, the latter in turn an amendment of section 7023 of statutes of 1879. Under the last section the action of the commissioner relating to the change of boundaries of school districts has been adjudged decisive, and his decision final, not subject to attack collaterally nor reversible by mandamus. State ex rel. v. Young, 84 Mo. 90. But even under the terms of this provision the power of the county commissioner was confined to the propositions submitted and the decision of the county commissioner restricted to the questions referred to him, the adoption or rejection of the precise propositions considered and presented to the voters of the districts concerned, and he had been declared without legal power to exceed such limitations of his authority and going beyond it create districts differing from those specified and balloted upon. School Dist. No. 1 v. School Dist. No. 4, 94 Mo. 612, 7 S. W. 285; State ex rel. v. Riley, 85 Mo. 156. The statute now in force in distinct terms circumscribes the decisions authorized by the commissioner to the propositions contained in the notices and voted upon at the annual meeting. Section 9742, supra. The decision of the board

relied on by appellant as final and not reviewable by the trial court purported to amalgamate districts numbers 3 and 5 into a single new district; but no such proposition was submitted to, voted upon or adopted by the inhabitants of the district, and such action and determination were wholly beyond the lawful power of the board and commissioner and therefore were usurpation, invalid and of no legal force.

2. That relator has not misapprehended its remedy by resort to this proceeding and is not remitted to relief by other process more appropriate is tersely and vigorously upheld by the Supreme Court Commissioner in State ex rel., etc., v. Riley, 85 Mo. 156, a case analogous to the present, and the authority of the earlier decision of State ex rel., etc., v. Byers, 67 Mo. 706, is further therein invoked and declared conclusive. This method of obtaining relief would also appear fully sanctioned by the subsequent decision of State ex rel. etc., v. Tracy, 94 Mo. 217, 6 S. W. 709. As the effect of certiorari is merely to exhibit to a superior court the records of an inferior tribunal from which an appeal or writ of error does not lie for review of the proceedings of the lower court and determination whether the inferior body or court has transcended the bounds of its jurisdiction, such investigation being confined to the records and papers contained in the return and not involving facts *dehors* the return (State ex rel. v. Williams, 70 Mo. App. 238), such contracted remedy might have proven insufficient and does not bar nor deprive the relator of its right to have recourse to this proceeding.

Judgment affirmed. *Bland, P. J.,* and *Goode, J.,* concur.