**STATE of Missouri ex rel. JACKSON COUNTY LIBRARY DISTRICT, Respondent,**

**v.**

**Harry L. TAYLOR, County Treasurer, Appellant.**

**No. 51600.**

Supreme Court of Missouri,

En Banc.

Nov. 8, 1965.

Motion for Rehearing or for Stay of Mandate Denied Dec. 13, 1965.

Thomas E. Deacy, Jr., Joseph A. Sherman, Deacy & Deacy, Kansas City, for respondent.

John E. Kelley, County Counselor, William D. Cosgrove, Asst. County Counselor, for appellant.

Thomas F. Eagelton, Atty. Gen., amicus curiae, C. B. Burns, Jr., Asst. Atty. Gen., Jefferson City, for amicus curiae.

HENLEY, Judge.

This is a mandamus proceeding instituted in the Circuit Court of Jackson County to compel appellant to honor and pay a warrant drawn by respondent on its funds in the hands of appellant. We will refer to the parties as follows: relator, Jackson County Library District, respondent on appeal, as the Library District; respondent, Harry L. Taylor, the Treasurer of Jackson County, appellant on appeal, as the Treasurer.

By this proceeding the Library District seeks to compel the Treasurer to honor warrant number 23,744, dated May 13, 1964,

for $100,000, payable to the First National Bank of Independence, Missouri, drawn by the Library District on the County Library Fund deposited with the Treasurer. The case was submitted to the trial court on the pleadings. Judgment was for the Library District and the peremptory writ of mandamus issued. Civil Rules 94.01 et seq., and § 529.010 et seq.[1] From this judgment, the Treasurer appealed to the Kansas City Court of Appeals. That court permitted the Attorney General of Missouri to file a brief as amicus curiae. The court of appeals reversed the judgment. The Library District's motion for a rehearing in that court or, in the alternative, to transfer to this court, was overruled. On application of the Library District, we ordered that the case be transferred to this court.

The petition of the Library District alleges: (1) that it is a body corporate organized pursuant to § 182.010 with power to sue and be sued; (2) that the Treasurer is the duly elected and acting Treasurer of Jackson County; (3) that there is, and was at all times material, funds on deposit in the County Library Fund in the hands of the Treasurer sufficient to pay this warrant; (4) that the warrant, in proper form as required by law, was issued and properly authenticated by action of the board of trustees of the Library District; (5) that the warrant was presented to the Treasurer for payment and payment refused; (6) that the Library District is entitled to have funds from the County Library Fund disbursed upon presentation of its properly authenticated warrant to the Treasurer; (7) that the Treasurer's duty to disburse funds from the County Library Fund upon presentation of the warrant is ministerial, not discretionary, and that his refusal to honor and pay the same was improper, illegal and invalid.

The return of the Treasurer to the alternative writ of mandamus admits the issuance of the warrant, its presentment for

payment and his refusal to honor and pay it. The return further alleges that in March, 1964, the Library District adopted a resolution authorizing the investment of $461,000 of its funds in the First National Bank of Independence; that the Library District drew a warrant for that amount upon its funds which he refused to pay because the law (1) required that all funds of the Library District be deposited in the county treasury and (2) did not authorize the board of trustees of the Library District "to invest surplus or operating funds in interest bearing investments for the benefit of the County Library Fund." The return further alleges "that he is forbidden by law to pay [this] warrant unless it clearly appears that the proceeds thereof shall be used for normal operating expenses and not for the investment in interest bearing securities"; that the petition for the writ does not allege (1) that this money is not to be invested in such securities, and (2) that it is to be used for operating expenses; that he has honored and paid other warrants for normal operating expenses; but that $100,000, "would be an unusual operating expense."

■ To this return the Library District directed a motion for judgment on the pleadings. For the purpose of considering the motion, all averments of fact sufficiently well pleaded in the return will be taken as admitted, eliminating conclusions of law and matters not well pleaded the truth of which this motion does not admit. State ex rel. Wheeler v. Adams, 161 Mo. 349, 61 S.W. 894[1]; State ex rel. Drainage District No. 8 of Pemiscot County v. Duncan, 334 Mo. 733, 68 S.W.2d 679, 681[1, 2]; Ingle v. City of Fulton, Mo.App., 268 S.W.2d 600, 603[1]. Thus, we eliminate from consideration the conclusion of the return that the Treasurer, for the reasons alleged therein, is forbidden by law from paying the warrant, as well as the redundant and irrelevant averments pertaining to the resolution adopted by the Library District, his refusal

1. All references to rules and statutes are to rules of the Supreme Court of Missouri and V.A.M.R., and RSMo 1959 and V.A.M.S., respectively.

to pay a prior warrant and reasons therefor, and that he has paid warrants for normal operating expenses but that this would be an unusual operating expense. The result is that the allegations of the alternative writ and those of the Library District's petition stand admitted. State ex rel. Bliss v. Grand River Drainage District of Livingston and Linn Counties, 330 Mo. 360, 49 S.W.2d 121, 124[1].

The Treasurer states in his brief that this case does not embrace nor present for determination the broad question of whether the law permits the transfer of county library funds to another depository after those funds have been deposited in the county treasury. The Treasurer agrees that the pleadings do not embrace this question. The Library District, in its brief, agrees with this statement and the effect of the pleadings. As is indicated above, we agree, and so hold. Thus, the sole, narrow question presented and decided is whether mandamus will lie to compel the Treasurer to pay this warrant.

As indicated, the return admits the allegations of the alternative writ and those of the petition thereto attached. Briefly, those allegations are: (1) that this warrant, properly authenticated by the county library board, was issued and presented to the Treasurer for payment; (2) that there are sufficient funds in the county library fund with which to pay it; and (3) that the Treasurer refused payment.

■ The Library District and Board were organized and exist by virtue of Chapter 182, RSMo 1959, V.A.M.S. Section 182.020, paragraph 2, provides: "The proceeds of the levy [taxes authorized to be levied by section 182.010 and paragraph 1 of section 182.020] * * * shall be deposited in the treasury of the county and be known as the 'county library fund', * * * and disbursed by the county treasurer only upon the proper authenticated warrants of the county library board." Section 110.240 provides: "It shall be the duty of the county treasurer, upon presentation to him of any warrant drawn by the proper authority, if there shall be money enough in the depositary belonging to the fund upon which said warrant is drawn and out of which the same is payable, to draw his check as county treasurer upon a county depositary in favor of the legal holder of said warrant, * * *." This court has held: " * * * It is the well-settled doctrine of this state that county treasurers are simply ministerial officers, and can be compelled to perform their duties. * * * 'There is no doubt of the jurisdiction of this court by mandamus against county treasurers who refuse to pay claims properly audited.' " State ex rel. Wheeler v. Adams, supra, 61 S.W. 1. c. 897 [2], and cases there cited. " * * * A ministerial act, as applied to a public officer, is defined to be an act or thing which he is required to perform by direction of legal authority upon a given state of facts, independent of what he may think of the propriety or impropriety of doing the act in the particular case. * * *" State ex rel. Jones v. Cook, 174 Mo. 100, 73 S.W. 489, 493.

The admissions of the pleadings and the clear mandate of the statutes made it the duty of the Treasurer to honor and pay this warrant.

■ The attorney general, as amicus curiae, contends in his brief that the court erred in issuing the peremptory writ because the return alleges, and the motion for judgment on the pleadings admits, that the proceeds of the warrant are not to be used for library expenses but are to be used for investment in the bank; that the issuance of the warrant was, for those reasons, unauthorized and illegal; that the Treasurer may not be compelled to pay an unauthorized and illegal warrant and, therefore, mandamus will not lie. He adds, however: that if the return did not allege such facts sufficiently the court should have permitted the Treasurer to so amend his return. We held, and say again for emphasis, that the issue or question raised by the attorney general was not raised by the pleadings and is not in the case. The parties agree that this

question is not embraced within the pleadings and is not for decision. The Treasurer did not request leave to amend his return. An amicus curiae may not inject issues into a case not presented by the pleadings and the parties. Gem Stores, Inc. v. O'Brien, et al., Mo., 374 S.W.2d 109, 118[10].

For the reasons stated the judgment of the circuit court of Jackson County is affirmed.

All concur.