**STATE of Missouri ex rel. ST. LOUIS COUNTY, a Body Corporate and Politic, and Lawrence K. Roos, as Supervisor of St. Louis County, Missouri, Relators,**

**v.**

**Thomas C. DUNNE, Treasurer of St. Louis County, Missouri, Respondent.**

**No. 53169.**

Supreme Court of Missouri.

En Banc.

Dec. 11, 1967.

Joseph B. Moore, St. Louis County Counselor, Thomas W. Wehrle, Deputy County Counselor, Clayton, for relators.

William J. Becker, Clayton, for respondent.

DONNELLY, Judge.

This is an original proceeding instituted in this Court on the relation of St. Louis County and Lawrence K. Roos, as Supervisor of said County, for a peremptory mandamus, to compel respondent, as Treasurer of said County, to pay a county warrant drawn on the Expressway Fund.

The case of St. Louis County v. State Highway Commission, Mo.Sup., 409 S.W.2d 149, decided December 12, 1966, by Division No. 2 of this Court, was "an action for a declaratory judgment to determine if funds derived from certain general obligation bonds can be lawfully used by * * * St. Louis County to reimburse the * * * State Highway Commission of Missouri for the cost of acquiring right of way for a highway in St. Louis County designated State Route AC in accordance with a contract between the County and the Highway Commission." It was determined at l. c. 153: "that funds from the Expressway Fund can be lawfully appropriated in payment of the cost of acquiring the right of way for State Route AC."

On March 21, 1967, Voucher No. 10 of the St. Louis County Bond Issue Projects Section was issued, requisitioning the sum of $486,242.04, chargeable to the Expressway Fund, and payable to the Collector of Revenue, Missouri State Highway Commission, for costs of right-of-way for State Route AC. On March 30, 1967, Warrant No. B 035168, in the amount of $486,242.04, payable to Collector of Revenue, Missouri State Highway, Jefferson City, from the

Expressway Fund, was presented to respondent for issuance of a check. The warrant was approved and signed by Lawrence K. Roos, County Supervisor, and contains on its face a certification by Robert D. Crawford, County Auditor, "that there is sufficient unencumbered balance in the appropriation account against which this claim is charged to permit payment of same." Respondent refuses to issue the check.

In State ex rel. Jackson County Library District v. Taylor, Mo.Sup., 396 S.W.2d 623, 625, we said: "* * * Section 110.240 provides: 'It shall be the duty of the county treasurer, upon presentation to him of any warrant drawn by the proper authority, if there shall be money enough in the depositary belonging to the fund upon which said warrant is drawn and out of which the same is payable, to draw his check as county treasurer upon a county depositary in favor of the legal holder of said warrant, * * *.' This court has held: '* * * It is the well-settled doctrine of this state that county treasurers are simply ministerial officers, and can be compelled to perform their duties. * * * "There is no doubt of the jurisdiction of this court by mandamus against county treasurers who refuse to pay claims properly audited." ' State ex rel. Wheeler v. Adams, supra, [161 Mo. 349] 61 S.W. 894 l. c. 897[2], and cases there cited. ' * * * A ministerial act, as applied to a public officer, is defined to be an act or thing which he is required to perform by direction of legal authority upon a given state of facts, independent of what he may think of the propriety or impropriety of doing the act in the particular case. * *' State ex rel. Jones v. Cook, 174 Mo. 100, 73 S.W. 489, 493."

■ The decision in St. Louis County v. State Highway Commission, supra, is controlling and is decisive of the questions raised in this proceeding. It is the duty of respondent to honor the warrant.

■ Our alternative writ of mandamus will be made peremptory, directing respondent to issue a check in the amount of $486,-242.04, on the Expressway Fund, and payable to Collector of Revenue, Missouri State Highway Commission, Jefferson City, Missouri. It is so ordered.

All concur.