**STATE of Missouri ex rel. SCHOOL DISTRICT NO. 15, PLEASANT VALLEY, JACKSON COUNTY, Missouri, Relator,**

v.

**Bernice CONLEY, Respondent.**

**No. 25854.**

Kansas City Court of Appeals, Missouri.

Aug. 9, 1971.

Richard F. Adams, Kansas City, for relator.

Donald B. Clark, Asst. County Counselor, Kansas City, for respondent.

ORIGINAL ACTION IN MANDAMUS

HOWARD, Judge.

Relator has for many years been an established common school district in Jackson

County, Missouri. By this proceeding, it seeks our writ of mandamus to compel the respondent clerk of the Jackson County Court to assess and extend on the county tax books the school taxes of the relator school district for the current year. Because of the need for an expeditious decision in this matter, the issuance of our preliminary writ was waived and respondent pleaded to relator's petition. The parties have filed briefs and submitted the case without oral argument.

Respondent admits that relator has in the past been an established school district and she, as clerk, has in the past assessed and extended on the tax books relator's school taxes. However, she pleads that under date of January 1, 1971, the State Board of Education determined that relator had ceased to function as an active school district and, consequently, would cease to exist as of July 1, 1971. The state board assigned the area formerly comprising Pleasant Valley School District to the Kansas City School District No. 33. The Kansas City School District has certified to the county clerk its school levy and the respondent clerk indicates that she will extend the levy of the Kansas City School District on the tax books and will refuse to extend the levy certified by pleasant Valley School District.

The order of the State Board of Education is presently the subject of litigation pending in the Circuit Court of Cole County, Missouri, wherein its validity is contested. In the proceedings before this court, we are not concerned with and express no thoughts on the validity of the action of the State Board of Education; that issue will be determined in the Cole County litigation. The issue before us is very narrow and is limited to whether or not we should issue our writ of mandamus requiring the respondent county clerk to assess and extend the Pleasant Valley school taxes on the Jackson County tax books as has been done in the past. The practical result of the clerk's refusal would be to deter-

mine the validity of the decision of the State Board of Education adversely to the contentions of Pleasant Valley. This she is without authority to do. Her function in assessing and extending the school taxes as certified to her by the Pleasant Valley district is purely ministerial in nature. She has no discretion in the matter. Her actions are governed by the provisions of Sections 137.290 and 164.041, RSMo 1959, V.A.M.S.

Many years ago our supreme court in State ex rel. School District v. Byers, 67 Mo. 706, determined that in such a situation mandamus would issue to compel the county clerk to extend the school tax levy on the county tax book. This doctrine has many times been followed and in State ex rel. Consolidated School District C–4 of Caldwell County v. Blackwell, Mo.App., 254 S.W.2d 243, this court issued its writ for such purpose. In these cases and the other decisions cited therein, it is repeatedly pointed out that the county clerk has no standing to challenge the validity of the existence of a school district. She does not represent any other district claiming jurisdiction over the area in question nor does she represent property owners who are subject to the tax. The parties herein concede that Pleasant Valley has complied with the requirements of Section 164.011, RSMo 1969, V.A.M.S., in preparing the estimate of the amount of money to be raised for the ensuing year, determining the tax rate required to produce such amount and forwarding the same to the county clerk. Under such circumstances and being without authority to determine the legal status of the district in light of the order of the State Board of Education, the validity of which is presently being litigated, the clerk must fulfill her ministerial duties of making the assessment and extending the levy on the county · tax books. To this end, our peremptory writ of mandamus will issue requiring her to make the assessment and extend the tax at the rate certified by the Pleasant Valley

School District against all taxable property in that district in accordance with the certification made by the district and the provisions of Sections 164.041 and 137.291, RSMo 1969, V.A.M.S.

Respondent, in her brief, has raised certain questions concerning duplicate tax bills and consequent problems which would arise if our writ should issue. These do not change the ministerial nature of her duties in this matter and present no valid reason for denying relator the relief to which it is entitled. The record in this case does not require our determination of these matters.

Peremptory writ of mandamus issued.

All concur.