STATE of Missouri ex rel. SCHOOL DIS-
TRICT NO. 15, PLEASANT VALLEY,
JACKSON COUNTY, Missouri, Relator,

v.

William D. BAKER, Respondent.

No. 25912.

Kansas City Court of Appeals,
Missouri.

Oct. 28, 1971.

Slagle & Bernard by Richard F. Adams,
Kansas City, for relator.

Herbert M. Kohn, County Counselor by
Donald B. Clark, Asst. County Counselor,
Kansas City, for respondent.

ORIGINAL ACTION IN MANDAMUS

HOWARD, Judge.

This is the second application for ex-
traordinary relief filed by relator in this
court. In the first action, our peremptory
writ of mandamus was issued requiring the
Jackson County clerk to extend relator's
school district taxes on the tax books of
Jackson County. See State of Missouri ex
rel. School District No. 15, Pleasant Val-

ley, Jackson County, Missouri, v. Conley, Mo.App., 470 S.W.2d 170.

It now appears that the respondent Baker, who is county treasurer of Jackson County, has refused to honor warrants drawn by relator upon funds in his custody for the payment of normal school expenses. Time is vital to the parties and in order to secure the speediest possible decision, the issuance of our preliminary writ was waived and respondent pleaded to relator's petition. The parties have filed briefs and submitted the case without oral argument.

The respondent does not dispute the fact that relator has for many years been a legally existing and functioning common school district in Jackson County, Missouri. He attempts to justify his action in refusing to honor otherwise proper warrants on the basis of an order issued by the State Board of Education under date of January 1, 1971, which purported to determine that relator had ceased to function as an active school district, and would cease to exist as of July 1, 1971. The State Board assigned the area formerly comprising Pleasant Valley School District to the Kansas City School District No. 33. The Kansas City School District has claimed the funds formerly belonging to Pleasant Valley which are on deposit with the respondent county treasurer.

Under the provisions of Section 54.160 (all statutory references are to RSMo 1969, V.A.M.S., unless otherwise indicated), the county treasurer is made the custodian of all moneys collected for school purposes belonging to the different districts until paid out on warrants duly issued by the Board of Directors of the respective school districts. Section 110.240 makes it the duty of the county treasurer to pay out such moneys on a proper warrant if there is enough money in the depository belonging to the fund upon which the warrant is drawn. Under Section 165.021, such school moneys can be paid out only upon warrants drawn by order of the proper school board and such warrants shall

not be honored unless they are in the proper form.

The parties concede that Pleasant Valley has on deposit with the county treasurer the sum of approximately $435,000.00. Relator alleges and respondent does not deny that its warrants are in proper form. Respondent seeks to justify his refusal to honor such warrants solely on the basis of the State Board of Education order.

In this action relator alleges and respondent does not deny that it is presently operating its school, as it has in the past, and that it has an enrollment of approximately 30 pupils and a staff of 2 teachers. Relator alleges and respondent does not deny that the warrants here in question were drawn by order of the Pleasant Valley School Board; that they were for proper school purposes, and were in proper form and that although there are sufficient funds on hand, respondent has refused to honor such warrants.

The parties agree that the aforesaid order of the State Board of Education purporting to dissolve the Pleasant Valley School District is presently the subject of litigation pending in the Cole County Circuit Court, wherein the validity of such order is contested. No final judgment has as yet been entered in such Cole County litigation. The question of the validity of the order of the State Board of Education is not before this court and we express no thoughts thereon. Such issue will be determined in the Cole County litigation.

█ It has long been held that the duties of the county treasurer to disburse funds in his custody on the submission of proper warrants is a purely ministerial function and if he is recalcitrant he may be required to perform such ministerial function by mandamus. Thus, in State ex rel. Jackson County Library District v. Taylor, Mo. en banc, 396 S.W.2d 623, l.c. 625, the court said:

"* * * This court has held:
'* * * It is the well-settled doctrine

of this state that county treasurers are simply ministerial officers, and can be compelled to perform their duties. * * * "There is no doubt of the jurisdiction of this court by mandamus against county treasurers who refuse to pay claims properly audited." ' State ex rel. Wheeler v. Adams, supra [161 Mo. 349] 61 S.W. [894] l.c. 897 [2], and cases there cited. ' * * * A ministerial act, as applied to a public officer, is defined to be an act or thing which he is required to perform by direction of legal authority upon a given state of facts, independent of what he may think of the propriety or impropriety of doing the act in the particular case. * * * ' State ex rel. Jones v. Cook, 174 Mo. 100, 73 S.W. 489, 493."

See also State ex rel. St. Louis County v. Dunne, Mo. en banc, 421 S.W.2d 283.

 It thus appears that the functions of the respondent county treasurer in this matter are ministerial in nature. The law requires that he honor a proper warrant regardless of what he may think as to the propriety thereof. It is fundamental that such a ministerial official has no authority to determine the validity or effect of the order of the State Board of Education. It is not disputed that relator Pleasant Valley School District is continuing to function and that the warrants in question were drawn for proper school purposes. Under such circumstances, the respondent county treasurer cannot lawfully arrogate unto himself the function of determining the existence or status of relator district. Such determination can only be made in a proper judicial proceeding initiated by the proper party and respondent is not such a proper party. See, among the many cases, State ex rel. School District v. Byers, 67 Mo. 706; State ex rel. Consolidated School District C–4 of Caldwell County v. Blackwell, Mo.App., 254 S.W.2d 243; State ex rel. School District No. 15, Pleasant Valley, Jackson County, v. Conley, Mo.App., 470 S.W.2d 170. The practical effect of respondent's refusal to honor relator's war-

rants would be to destroy the Pleasant Valley School District without regard to the legality or effect of the order of the State Board of Education.

In his return respondent pleads that he stands in the position of a "disinterested stakeholder" and that he should not be required to disburse the funds in question until all disputes are settled. In this contention, respondent misconceives the fundamental position and duties of a county treasurer. He is not a "stakeholder." The school moneys are by law placed in his custody for the purpose of disbursement. The statutes mandatorily require him to disburse such funds upon proper warrants. In the case at bar, he has refused to perform this statutorily imposed duty without just cause or excuse and relator has properly sought our writ to force his compliance with these statutes.

Peremptory writ of mandamus issued.

All concur.