THE STATE EX REL. SCHMUTZLER *et al.*, *Plaintiffs in Error*, v. YOUNG, *County School Commissioner*.

1. **School Districts, Change of Boundaries**: STATUTE. — Under Revised Statutes, section 7023, relating to changes of boundaries of school districts, the warrant of authority for the vote thereon at the annual meeting is the proposition for the change posted by the school directors, and not the preliminary request of ten qualified voters residing in the affected districts to the directors to submit the matter to a vote.

2. ———: ———: JURISDICTIONAL FACT.—Even if the preliminary request should be regarded in the nature of a jurisdictional fact, it is a fact which seems to be left to the directors to decide. It is for them to say whether the petitioners are qualified voters, and their decision cannot be attacked in a collateral proceeding or by mandamus.

3. **County Commissioner**: MANDAMUS.—When under said section 7023, Revised Statutes, in case of conflicting votes of the districts on the proposed change, the question is referred to the county commissioner for his decision, and he has acted, whether with or without jurisdiction, mandamus cannot be invoked for the purpose of reversing his decision.

*Error to Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*N. C. Kouns*, and *Edwards & Davison*, for plaintiff in error.

(1) It is admitted that the usual function of a writ of mandamus is to compel an inferior court or officer to act when he has refused to discharge his duty. *State ex rel. Adamson v. Lafayette county*, 41 Mo. 221. This is not the only function of the writ. In the language of Mr. High, it lies to determine the jurisdiction of an inferior court or officer, and to correct any error growing out of a mistake as to jurisdiction. High on Extra. Legal Rem., § 69, and note. It also issues when the officer has acted or refused to act without jurisdictional facts. High on Extra. Legal Rem., § 88. In this state, where a circuit judge on demurrer decided a statute to be unconstitutional, and, therefore, held that his court had no jurisdiction, on mandamus, his judgment as to the constitutionality of the statute was overruled and he was required to assume jurisdiction and try the case. *State ex rel. Harris v. Laughlin*, 75 Mo. 358. So also where a county court made a mistake as to their jurisdiction to grant a license and overruled the petitioner's application, by reason of this mistake, the Supreme Court on mandamus set aside that judgment and ordered them to grant the license. *State ex rel. Fitzpatrick v. County Court of Nodaway county*, 80 Mo. 601. (2) Neither the county school commissioner nor the directors had power under the statute to make any change in the school district, except upon petition signed by ten qualified voters resident in each district, as required by law, nor to change the site of a school house, further away from the center of the district, without a vote of two-thirds of the qualified voters resident in the district. R. S., 1879, § 7023, as amended in 1883 ; Session Acts 1883, pp. 182, 185. These facts are jurisdictional and are always open to investigation and contradiction, and the doctrine of estoppel does

not apply, and mandamus is the proper remedy to correct the action of the commissioner taken by him in the absence of these jurisdictional facts. *People v. Commissioner of Highways*, 27 Barb. 86; *Jefferson County v. Cowan*, 54 Mo. 234.

*Edwin Silver*, for defendant in error.

(1) This proceeding by relators cannot be maintained, its object being to require R. E. Young, the county school commissioner of Cole county, to rescind and vacate an order in a matter as to which he acted in a judicial capacity, and in which by express provision of statute his decision is final. Revised Statutes 1879, section 7023; acts 1883, p. 182; *County Court, etc. v. Inhabitants, etc.*, 10 Mo. 679; *Dunklin County v. District County Court*, 23 Mo. 449; *State ex rel. v. Byers*, 67 Mo. 706. (2) Whether or not the signers to the petition to the school board to post a notice of the election possessed the requisite qualifications, was a preliminary question of fact, to be passed on and determined by the school board to which the petition was addressed, and the board having determined it, it is not open for review in this proceeding. *Snoddy v. Pettis County*, 45 Mo. 364; *Queen v. Justice, etc.*, 13 Eng. Com. Law, 985; *Brittain v. Kinnaird*, 1 Brod. & Bing. 432. (3) The petition of the ten qualified voters mentioned in Revised Statutes, section 7023, is not a necessary jurisdictional step in the matter of a vote to change the school district boundaries. The notice of the proposition for a change, required to be posted by the directors twenty days before the annual meeting, is really the jurisdictional step in the proceedings.

MARTIN, C.—This is a petition for the writ of mandamus, in the name of the state, at the relation of Schmutzler, Sanning, and Lauf, directors of a certain school district in Cole county, against Robert E. Young, county commissioner of schools, in which the circuit court is asked to issue its writ of mandamus requiring

said commissioner to vacate a certain order or decision made by him, and to dismiss the matter before him in which his decision was made, for want of jurisdiction to hear and determine the same. On the petition an alternative writ was issued, which on motion of defendant was quashed. The petition was thereupon dismissed, from which action of the court the plaintiffs sue out their writ of error.

The decision of the commissioner complained of was made by him under authority of section 7023, Revised Statutes, 1879. Said section relates to the formation of new school districts, and directs that when a new district is to be formed composed of portions of two or more districts, or the boundary lines of any district are to be changed, it shall be the duty of the directors of the districts affected, upon the reception of a petition signed by ten qualified voters residing in either of the districts affected, desiring such change, to post a notice thereof in each district interested, twenty days prior to the time of the annual meeting. The voters, when assembled, are to decide such questions by a majority vote. If the assent to the formation of a new district or change of boundary lines is given by all the annual meetings of the various districts thus voting, the district is deemed to be formed. "But if a part of the districts affected vote in favor of and a part against such change, the matter shall be referred to the county commissioner for final decision, who shall proceed to inform himself as to the necessity of the proposed change, and his decision thereon shall be final and shall be transmitted to the various district clerks, and by them be entered upon the records of the various districts."

It is alleged in the petition that a proposition to form a new district out of portions of the district of which the relators are directors and an adjoining district was submitted at the annual meeting of voters in each district; that the voters of the district in which relators

reside voted against the proposition, while the voters in the adjoining district voted for it, by a small majority; that thereupon the commissioner, assuming that he had authority to act under said section, decided that the change of districts as contained in the proposition voted upon should be made, and the new districts established in accordance therewith, and transmitted his decision to that effect to the district clerks of the respective districts. It is alleged that he had no jurisdiction to make a decision in the matter for the reason that the petitions upon which the directors of the respective districts acted in posting notices of the proposed change to the voters, were not signed by ten qualified voters, as the law requires. It is then urged that the elections held in pursuance of such notices were void and could not give rise to the conflict between the districts, as contemplated in said section, which would authorize or sustain any action of the commissioner. I am inclined to think that the relators are wrong in respect to the supposed jurisdictional fact. The section makes it the duty of the directors to act, when ten qualified voters request them to do so, but it does not assume to prohibit them from acting of their own motion when the interests of the district, in their judgment, call for action. Their action terminates by posting a proposition for a change. The proposition so posted by them is the warrant of authority for the vote at the annual meeting, and not the preliminary request of the ten voters to submit the matter to a vote.

If the preliminary request should be regarded in the nature of a jurisdictional fact, it is a fact which seems to be left to the directors to decide. It is for them to say that the petitioners are qualified voters; and when they have practically so declared by posting the proposition, I do not perceive how their decision can be successfully attacked in any collateral proceeding or by mandamus of the courts. *State v. Evans*, 83 Mo. 319; *Snoddy v. Pettis County*, 45 Mo. 361. But irrespective of considerations of this character, I am satisfied that

the relators have misconceived their remedy in applying for the writ of mandamus. The right of decision in conflicts between the districts is vested in the commissioner, and his decision, when made, in a case properly before him, is final. A mandamus from the courts can be invoked when he refuses to decide, and, perhaps, a writ of prohibition when he assumes to proceed without jurisdiction. But after he has once acted, whether with or without jurisdiction, a mandamus cannot be invoked for the express purpose of reversing his decision, as attempted in this case. In *State ex rel. v. Lafayette County Court*, 41 Mo. 222, Wagner J., remarks: "Mandamus will not lie to compel an inferior tribunal to give a particular judgment; or to reverse its decision where it has once acted; its peculiar scope and province being to prevent a failure of justice from delay or refusal to act." *County Court of Callaway County v. Inhabitants, etc.*, 10 Mo. 679; *Dunklin County v. District Court*, 23 Mo. 449; *State ex rel. v. Byers*, 67 Mo. 706.

The application for the writ does not come with good grace from the present relators. If the petition for the change, submitted to them, was not signed by ten qualified voters, why did they, in pursuance of it, post the proposition for consideration of the voters and conduct the election at which it was voted upon? If they had not done this, there could have been no election, and consequently no occasion for the commissioner to decide anything. After thus voluntarily contributing the principal fact necessary to support the commissioner's jurisdiction, they present themselves now in the attitude of impeaching their own record, in order to defeat the jurisdiction they invited.

The judgment of the circuit court quashing the alternative writ and dismissing the petition is affirmed. All concur.