# SCHOOL DISTRICT No. 35 v. HODGIN, Appellant.

**In Banc, February 24, 1904.**

1. **SCHOOL DISTRICT: Validity of Formation: Collateral Attack.** Irregularities in proceedings which led up to the formation of a school district can not be considered in a proceeding brought by it to condemn land for a schoolhouse site.

2. ————: ————: **How Met.** In a proceeding by a school district formed out of two or more districts, to condemn land for a schoolhouse site, an affidavit by the landowner denying its corporate existence, is overcome by a showing that the county school commissioner had proclaimed the formation of the new district and had transmitted his decision to the clerks of the respective districts affected thereby in due time, who had entered the same on their records, and that as formed the school district had thereafter been recognized as such by the public and the public officers dealing with it. That showing is sufficient in a collateral proceeding.

3. ————: **Condemnation: Proper Parties Plaintiff: Waiver.** The point that a proceeding to condemn land for a schoolhouse site should have been brought in the name of the directors and not in the name of the school district, can not be raised for the first time on appeal, but if no such question was raised in the trial court by demurrer or answer it will by the appellate court be considered waived.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*John Kennish, C. A. Anthony* and *Frank Petree* for appellant.

(1) Plaintiff school district is not legally incorporated: 1, notices of the proposed change were not given as required by law; 2, the proposed new district contains, besides territory taken from old districts, unorganized

territory, and the statutory provision for taking unorganized territory into a district is not followed; 3, no appeal was taken from the result of the election to the school commissioner by any party authorized to make such appeal; 4, the pretended appeal does not take up to the commissioner the whole question voted upon by the districts affected; 5, the commissioner does not adjudicate the whole question voted upon by the school districts affected; 6, the incorporation has never been completed by the organization of the new district as required by law.   (a) The first election was not held within the new district, being held in unorganized territory, not legally a part of the district.   (b)   No board of directors was elected, as one of the members resided in the unorganized territory which was not legally included in the proposed new district.   (2)   When a school district shall have selected a site for a school house and can not agree with the owner thereof as to the price to be paid for the same, "the board of directors may proceed to condemn the same." Sec. 9772, R. S. 1899.  It nowhere appears in the record that this proceeding to condemn is by the board of directors, or that the board of directors, as an organization, has had any thing to do with it, or has authorized it to be brought. (a) The cause is entitled School District No. 35, etc., v. Noble Hodgin. (b)   The petition alleges that "plaintiff" is a corporation duly organized, etc.   (c) The petition is signed "School District No. 35. etc., by Charles M. Childers, president of the board."   (d)   The court finds that "plaintiff" is a corporation duly organized, etc.   "Plaintiff" should be the board of directors of School District No. 35, and not the school district. There is nothing anywhere in the record to show that any action has been taken by the board, or that any of the board have had anything to do with bringing or prosecuting the action, except Charles M. Childers, and he purports to be acting for, and representing, the district and not the board of directors.   There must be corpo-

rate action by the board of directors; not by one or all of the individual members acting separately. State ex rel. v. Lockett, 54 Mo. App. 202. When the power to condemn is vested in one tribunal it can not be exercised by another. St. Louis v. Gleason, 89 Mo. 67, s. c., 93 Mo. 33.

*T. C. Dungan* for respondent.

Although there may have been some irregularities in the proceedings, yet if had in good faith they could not be treated as void in such collateral proceedings, unless such irregularities affect the substantial rights of the old districts, or direct proceedings were instituted at the time to set such action aside. If all districts acquiesce and proceed under the new order of things and become *de facto* districts, it certainly does not lie in the power of any one resident to defeat the organizations. Rice v. McClelland, 58 Mo. 121.

ROBINSON, C. J.—On June 20, 1899, School District No. 35, townships 61 and 62, of ranges 37 and 38, in Holt county, Mo., filed its petition in regular form, with the clerk of the Holt county circuit court, to have condemned a certain tract of land, containing one acre, the property of the appellant herein, for a schoolhouse site, and in said petition the court was asked to appoint three disinterested freeholders, as commissioners to assess the damages which the defendant may sustain in consequence of the taking of the land described, and its appropriation for school purposes.

Appellant herein was duly notified of the filing and presentation of said petition and application, and on July 6th of that year, in obedience to said notice and summons, appeared before the Hon. Gallatin Craig, judge of said Holt County Circuit Court, in vacation, and at said time filed with the judge an affidavit denying the corporate existence of the plaintiff, School District

No. 35.  After hearing the testimony offered as to the corporate existence of the plaintiff school district, the court found in favor of plaintiff, and on the same day made an order appointing three commissioners, as prayed for in plaintiff's petition, to assess the damages which the defendant Noble Hodgin (appellant herein) may sustain by reason of the appropriation of his land for the purpose of a schoolhouse site for the plaintiff school district.

In due time, the commissioners so appointed made and filed with the clerk of said court their report, in which defendant's damages were assessed at $250.  To this report the appellant filed as his exceptions, the following, omitting caption:

"Now, this 28th day of July, 1899, comes Noble Hodgin, defendant in the above cause, by his attorney, and for his exceptions to the proceedings had and done in said cause, and to the report of the commissioners therein filed, says:  That plaintiff has no right or authority in law to condemn land for the purposes set out in its petition, or for any purpose, and that all the proceedings had and done upon and in response to its petition herein, are without authority of law, and are wholly void and of no effect. That plaintiff is not a corporation organized or existing under and by virtue of the laws of the State of Missouri.  That the order of the judge appointing commissioners to assess the damages herein, does not recite facts authorizing the said commissioners to make such assessment, or to take any action whatever in the premises."

To this paper the plaintiff filed a general denial of each and every allegation therein made, and prayed for the confirmation of the commissioner's report, and the recovery of its costs.  At the hearing before the court upon the issues as therein made by the pleadings, the plaintiff's counsel, to meet the challenge of appellant denying its corporate existence, undertook to show in detail every step that had been taken with a view to the

formation and creation of said School District No. 35, beginning with the presentation and filing of the petition with the several clerks of the old districts to be affected by the formation of the new, asking that the proposition to form the plaintiff district be submitted, and following in regular order each succeeding step taken to the close, when the school commissioner of Holt county, to whom the matter had been referred on appeal, had decided that a new district be formed as asked in the original petition to be known as School District No. 35, etc. Plaintiff then offered in evidence notice of the meeting and the minutes of the proceedings showing the organization of said new District No. 35; also notice for and the minutes of the meeting called for the purpose of considering and selecting a schoolhouse site in said District No. 35. The testimony offered by plaintiff to establish these non-essential facts have alone been preserved in the bill of exceptions filed by appellant herein. No other facts whatever have been preserved or presented for our consideration.

At this hearing, the court, on November 10, 1899, made and entered its finding and judgment as follows:

"Now at this time, on the —— day of November, A. D. 1899, it being the —— day of the said August adjourned term of said court, the said cause coming on for further hearing and disposition, and all and singular the matters being seen and heard by the court upon the pleadings and proofs of the parties plaintiff and defendant adduced, as well as upon the report of the commissioners hereinbefore appointed by the court in vacation, herein filed, and upon the exceptions of the defendant thereto, made herein; and the court after hearing the argument of counsel now appearing, to-wit, T. C. Dungan and John W. Stokes for the plaintiff, and John Kennish, Cyrus A. Anthony and Frank Petree for the defendant, and the court being fully advised in the premises, doth find that the said plaintiff is a legally constituted school district, a corporation known as

School District Number Thirty-five in Townships Numbers 61 and 62, of Ranges Numbers 37 and 38, in Holt county, Missouri, duly organized and existing under and by virtue of the Constitution and laws of the State of Missouri, and has been and is acting as such, and is possessed of the power and authority to locate a schoolhouse and to condemn land for a schoolhouse site within the limits of the school district; that said plaintiff as such school district has legally selected the following described lands belonging to the defendant Noble Hodgin in said district and for such schoolhouse site for said district, viz.: Commencing at the southwest corner of section thirty-one, township sixty-two, range thirty-seven in said Holt county, thence running north sixteen rods, thence east ten rods, thence south sixteen rods, thence west ten rods, to the place of beginning containing one acre; that the said school district and the said defendant Noble Hodgin have been and are unable to agree as to the price and value of said lands; that three commissioners, viz., were appointed by this court in vacation to view said lands and assess the damages thereto, and that the said commissioners, so heretofore appointed by this court in vacation to assess the damages accruing to said defendant Hodgin's land, have viewed the said premises, and have fixed and assessed said damages for the taking of the said lands of defendant at the sum of two hundred and fifty dollars, and have made and filed their report thereof under oath in this court accordingly; that no objections whatever have been made and filed by said defendant to the amount of such damages so assessed by said commissioners in this court, but objections are made only to the organization of such district; it is, therefore, ordered, adjudged and decreed by the court that the report of said commissioners be approved and in all things confirmed, that the lands of the said defendant Noble Hodgins aforesaid, to-wit: Commencing at the southwest corner of section thirty-one, in town-

ship sixty-two, range thirty-seven in said Holt county,. Missouri, thence running north sixteen rods, thence east ten rods, thence south sixteen rods, thence west ten rods,. to the place of beginning, containing one acre, and in said district, be and the same is hereby forever con-. demned and appropriated 'for a schoolhouse site for the said school district, viz., School District No. 35, Township Nos. 61 and 62, of Range Nos. 37 and 38, in Holt, county, Missouri, and that the said plaintiff corporation shall have the right to take possession of and use the said land for schoolhouse site purposes, upon the payment of the said sum of two hundred and fifty dollars to the said defendant Noble Hodgin, or into this court for his use and benefit, and said Noble Hodgins. shall have and recover judgment for said sum of $250. It is further ordered and adjudged that the said plaintiff pay all costs of this proceeding up to and including the filing of the commissioner's report herein, and that. the defendant pay all costs made herein arising and accruing by reason of the filing of his objections herein,. and also all costs occasioned since such filing by reason of any proceedings thereunder, and that executions issue to the respective parties. for the enforcement of their rights herein.''

The sole contest made at the hearing of appellant's so-called exceptions to the commissioners' report fixing the amount of his damages, as appears from his objections to the testimony as offered by the plaintiff at that time, and from the instructions which he asked at the close of the case, was upon the question of the want of corporate existence or capacity of the plaintiff school district, and this he sought to establish by showing the want of legality and regularity in the various steps taken by the original petitioners (asking for the formation of the new district No. 35), and the district clerks of the several school districts from which the plaintiff district was to be formed; the action of the county school commissioner to whom the matter of the forma-

tion of the district was referred on appeal; and finally as to the want of regularity in the organization of the plaintiff school district, after it had been created by the county school commissioner. And appellant's position now is, that from plaintiff's own evidence offered at the hearing of the exceptions to the commissioners' report, irregularities in the formation of the plaintiff school district were made to appear (according to his interpretation of the facts) that show the plaintiff has no right to prosecute or maintain this action. In other words, his contention is that, if the plaintiff school district was formed without every preliminary step taken with that end in view, being pursued precisely as the statute directs for the. formation of new school districts out of parts of two or more old districts, its corporate existence and right to act as such corporation may be challenged at any time, by any one, whenever it attempts to assert itself. This is appellant's chief contention on this appeal, and the one upon which he seems most to rely to defeat this proceeding.

As in our opinion, the question of the formality and regularity of the proceedings that had for their object and finally culminated in the order of the school commissioner of Holt county making and declaring the formation and creation of the plaintiff School District No. 35, etc., was not involved in the determination of the condemnation proceedings begun to appropriate appellant's property for a schoolhouse site and to determine the amount of his damages therefor, we have not deemed it necessary to reproduce here the testimony offered by plaintiff to establish that fact in answer to appellant's challenge, or to set out in detail appellant's numerous suggestions as to wherein those proceedings were irregular, or failed to comply with the law's requirement. As the question of the regularity of the proceedings that led to the formation of the plaintiff school district was not properly involved in the present proceeding, it would be idle to follow appellant in his effort to point

out wherein those irregularities have occurred, if in fact they did occur. The issue made by the affidavit of appellant denying the corporate existence of the plaintiff school district was met and more than satisfied when the plaintiff had shown that the county school commissioner of Holt county, to whom the matter of the formation and creation of the plaintiff school district had been referred on appeal, had decided and proclaimed the formation and creation of said district, and had transmitted his decision to the clerks of the several school districts to be affected by the same, and said clerks had entered said action and decision upon the records of their respective district books, and that as formed and created, it had been recognized and dealt with by the public and the various officers of the law whose duty it was to act for and with such public corporation in the discharge of its public function and duties.

An affidavit denying the corporate existence of a suing plaintiff calls only for the exhibition of its certificate, or evidence of authority to be and exist, and not that the plaintiff must prove that the certificate or authorization under which it is acting was obtained rightfully and properly by following out to the letter all the preliminary steps directed by law for its creation.

The right to assail the validity of a corporate creation of the State, or rather a corporation organized under authority of the laws of the State, is not the right of a citizen in a collateral proceeding instituted by such corporation to enforce a right manifestly belonging to corporations of like nature and character, but belongs alone to the State in a direct proceeding by *quo warranto*.

It would be a most ruinous proposition of law to announce that any corporation of the State, whether public or private, can be required, every time it attempts to assert a right in the courts of justice of the State, to prove the regularity of every preliminary step taken

by its promoters looking to its formation and creation, as a preliminary test of its right to prosecute its actions begun, and if, perchance, the action is one in law, to have this issue so raised, determined by a jury.    Under such a rule of practice, a corporation might find itself with or without being, according to the return of the jury, alternating, it may be, between life and death several times during the same day as the return of the jury in its different cases might indicate.    It is neither in the letter or the spirit of the statute, to permit such vexed and befogging issues to be made and considered, as those presented in this case under the affidavit filed denying the corporate existence of plaintiff.

The only evidence of the formation and creation of a new school district in this State, when it has been done, as in the case of plaintiff district, out of parts of two or more old contiguous districts, by the action of the county school commissioner and the board of arbitration called to his assistance, is that a decision to so form the new district is made and determined, and thereafter the commissioner, on or before the last day of the following April of that year, transmits the decision to the clerks of the various school districts interested or affected by the formation of the new district, and that said clerks enter the same upon the records of their respective districts.    This may be thought a rather vague and uncertain evidence of the corporate existence of so important a public body as a school district, but the statute has not provided nor required anything more definite and formal by way of an announcement of its formation and creation, or as a record evidence of its right to continued existence as a corporation, and as such the citizens and the courts must recognize it, until its life and authority has been assailed and overthrown by the State in a direct proceeding by *quo warranto,* to accomplish that purpose.

The further contention is now made by appellant that the school district had no right to prosecute and

maintain this action in its own name, but that the proceeding should have been begun and prosecuted in the name of the board of directors for the use of the district. To this, it is sufficient to say, it comes too late. As no such question was raised in the trial court by demurrer or answer, it must be treated by us as having been waived. This contention is without merit.

Finding no error in the record before us, the judgment of the trial court will be affirmed, and it is so ordered.

*Brace, Marshall, Gantt, Valliant* and *Fox, JJ.,* concur; *Burgess, J.,* not present.