SCHOOL DISTRICT, etc., Appellant, v. PACE et al., Respondents.

St. Louis Court of Appeals, May 16, 1905.

1. **SCHOOL DISTRICT: Formation of New District: Notice.** Under section 9742 of the Revised Statutes of 1899, a petition asking for the formation of a new school district, signed by at least ten qualified voters of any district affected, must be presented to the clerk of each district affected before such clerk has authority to post notices calling an election for that purpose and an election held under notices without such petition is absolutely void.

2. **CERTIORARI: Record.** A writ of certiorari brings up nothing for review but the record of the tribunal to which it is directed it does not bring up the evidence taken in the proceeding sought to be reviewed.

School District, etc., v. Pace et al.

3. **SCHOOL DISTRICTS: Certiorari: Board of Arbitrators: Record.** On a writ of certiorari to a board of arbitrators appointed under section 9742, to review the decision of such board in the formation of a new school district, the reviewing court is confined to the certificate of the board of arbitrators forming the new district as the sole and only record of the proceedings of the board.

4. ———: ———: ———: ———. But such a record can be attacked in a collateral proceeding as well as by writ of certiorari and hence a review by writ of certiorari would be a useless proceeding.

5. ———: **Quo Warranto: Usurping Authority.** Quo warranto is the proper remedy to test the legality of the formation of a new school district, the corporate existence of the district being the question at issue.

6. ———: **Certiorari: Changing Boundary Lines.** A writ of certiorari to review the acts of a board of arbitrators in changing the boundary lines of a school district is the proper remedy where the existence of the school district is not brought in question.

Appeal from Butler Circuit Court.—*Hon. H. N. Phillips*, Special Judge.

AFFIRMED.

*E. R. Lentz* for appellant.

(1) The writ of certiorari is in the nature of a writ of error to review the proceedings of the inferior tribunal, and is only issued where no appeal, writ of error or other available mode of review is afforded, and can only issue upon a final determination of the matter in the inferior tribunal. Railway v. Young, 96 Mo. 39, 8 S. W. 776; State ex rel. v. Edwards, 104 Mo. 125, 16 S. W. 117; Power Co. v. Commissioners, 112 Mass. 206; People v. Judge, 40 Cal. 479; Stokes v. Early, 45 N. J. Law 479; Lynde v. Noble, 20 Johns, 82. (2) The writ of certiorari issues at common law to review the proceedings of inferior courts, officers or bodies acting in a judicial capacity. Bailey on Jurisdiction, sec. 432a; In the Matter Saline Co., 45 Mo. 54; Phelps Co. v. Bishop, 46 Mo.

70. (3) After the petition has been presented to the clerks of the several districts, the clerk of each district affected, must post a notice of the desired change in at least five public places in each district interested fifteen days before the annual meeting. These notices must necessarily be as comprehensive as the proposition to be voted on, and must inform the voter of what change is to be made in the boundaries of his district, unless the notice is such as to give this information, it is no notice at all. R. S. 1899, sec. 9742; School Dist. v. School Dist. 94 Mo. 612, 7 S. W. 285; Mason v. Kennedy, 89 Mo. 23; School Dist. v. Smith, 90 Mo. App. 215; School Dist. v. Burris, 84 Mo. App. 654; State ex rel. v. Eden, 54 Mo. App. 215.

*J. T. Davison* and *D. W. Hill* for respondents.

(1) The proceedings of the board of arbitration having culminated in a decision establishing the new school district sixty days before the filing of relator's petition, the new district thus established should, if the relator was entitled to the writ at all, have been made a party defendant to proceedings, being interested in the subject matter thereof. 4 Ency. P. & P. p. 183; 6 Cyc. L. & P. p. 775, sec. 2; State ex rel. v. Buchanan Co. Board of Eq., 108 Mo. 241, 18 S. W. 782; 2 Spelling Extraordinary Relief, sec. 970. (2) The return proper of the board of arbitration shows on its face that the board had jurisdiction, and that it acted within its jurisdiction. The papers sent up with the return, in so far as they were other than scraps of paper and memoranda, were simply instruments of evidence and no part of the record proper and not properly subject to review. A common law writ of certiorari only brings up the record and can only reach defects or errors in the proceedings of the tribunal to which it is issued, which appear upon the face record, and which go to the jurisdiction of that tribunal. The evidence is no part of the record, and it

is not the office of the writ to bring up the evidence for review. Railroad v. State Board of Eq., 64 Mo. 308; State ex rel. v. Smith, 101 Mo. 174, 14 S. W. 108; State ex rel. v. Cauthorn, 40 Mo. App. 96; State ex rel. v. Edwards, 104 Mo. 126, 16 S. W. 117; State ex rel. v. Woodson, 161 Mo. 452, 61 S. W. 252; State ex rel. v. Walbridge, 62 Mo. App. 163; State ex rel. v. Smith, 173 Mo. 414, 73 S. W. 211; 4 Ency. P. & P. III p. 12. (3) The interval of more than sixty days between the decision and dissolution of the board of arbitration and the filing of relator's petition for a writ of certiorari, and also the allegations and prayer of the petition, warrant the conclusion that, at the time of the filing of relator's petition the new district was fully organized and performing the purposes of its creation; and the whole record evidences the fact that the sole object and purpose of the relator is to attack the legality of the organization of the new school district. This cannot be done by certiorari. "Quo warranto is the appropriate remedy through which to attack the legality of the organization of the school district." School District v. Smith, 90 Mo. App. 225; State ex rel. v. Stone, 152 Mo. 202, 53 S. W. 1069.

BLAND, P. J.—This is a proceeding by writ of certiorari to review the action of a board of arbitrators creating a new school district from territory detached from four contiguous districts in Butler county. The return of the respondents to the writ of certiorari contained a transcript of their action and certificate and also copies of the petitions presented to the clerks of the four districts affected by the new district, copies of the notice of election and the certificates of the several clerks of the districts of the result of the election in each of the four districts. Appellant moved for judgment on the return. Respondents filed the following motion to quash the writ:

"First. Because the petition does not state facts

sufficient to entitle the petitioner to the relief prayed for.

"Second. Because the facts stated in the petition do not show the petitioner entitled to a writ of certiorari or other extraordinary or equitable relief.

"Third. Because upon the face of the petition the petitioner is estopped from claiming the relief prayed for.

"Fourth. Because the decision of the county school commissioner and board of arbitration, in forming the new school district mentioned in the petition, is final and not subject to review by writ of certiorari.

"Fifth. Because there is a defect of both party relator and parties respondents."

Hon. J. L. Fort, the regular judge of the court, being unable to attend and hear the cause, Hon. H. N. Phillips was agreed upon by both parties to hear and determine the case.

The motion to quash and for judgment on the return were both taken up and heard and after mature deliberation the learned special judge sustained the motion to quash and the writ was quashed. The appeal was taken in the ordinary way. The board of arbitrators was appointed by the commissioner of public schools of Butler county under the provisions of section 9742, R. S. 1899.

It is conceded that the certificate of the board of arbitrators forming the new school district is regular on its face and is sufficient in form and substance. The districts from which territory was detached to form the new district were districts Nos. 2 and 4, township 24, range 5. Nos. 2 and 4, township 24, range 6. Twenty-four voters of these districts signed a petition and filed it with the clerk of district No. 2, township 24, range 6. In their petition they expressed the desire for the formation of a new school district out of territory (described) to be detached from each of the above four districts, and petitioned that the proposition

to form the new district be submitted to the voters of the several districts to be affected at the annual school election to be held in April, 1904. A synopsis or memorandum of this petition, signed by no one, was filed with the clerk of each of the other three districts. Three of the district clerks posted notices in their district, fifteen days prior to the election, notifying the voters thereof that the proposition to detach described territory from the districts would be voted on at the annual school election in April, 1904. The purpose for which the territory was to be detached, or what was to be done with it after detached, was not stated in any of the notices. Three of the districts voted upon the proposition (if there was one) contained in the notices. District No. 2, township 24, range 6, voted in favor of the proposition, two others voted against it; in the fourth no votes were cast on the proposition. The majority vote being against the wishes of the petitioners and a majority of the voters of district No. 2, township 24, range 6, this district appealed to the county commissioner, who appointed respondents, Derrington, Moore, Cowan and Wright, as arbitrators to hear the appeal. The board, as before stated, found for the appellant and established the new school district.

Section 9742, supra, makes it a condition precedent to the right of a clerk of a public school district to post notices of a proposition to form a new district, or change the boundry lines of an existing district, that a petition, signed by at least ten qualified voters of a district to be affected, asking for the formation of a new district, or the change in the boundary lines of an existing district, shall be presented to the clerk of each district affected. No such petition was presented to the clerk of any one of the four districts affected by the formation of the new one, and for this reason the elections held under the notices were absolutely void. The elections being void, there was nothing to appeal from to the county school commissioner and he and the board

of arbitrators acquired no jurisdiction over the subject-matter by the appeal, and the findings of the board are void, for want of jurisdiction. The statute plainly provides that there must be an election before there can be an appeal to the county commissioner and the appointment of a board of arbitrators by him. There can be no election where there is no warrant for holding it. The authority to issue the warrant for the election (notices posted in the district) is conferred on the clerk of the district. They are not to be issued at his discretion or on his whim; but only on the presentation of a proper petition, signed by at least ten legally qualified voters of a district to be affected and containing a certain definite and intelligent proposition to be submitted to the voters of the district to be voted upon by them. But the writ of certiorari brings up nothing but the record of the tribunal to which it is directed and whose proceeding it is sought to review. It does not bring up the evidence taken by it, nor can such evidence be considered though included in the return. [Hannibal & St. Joe R. R. Co. v. State Board of Equalization, 64 Mo. 294; State ex rel. v. Walbridge, 62 Mo. App. 162.]

It is contended by respondents that the certificate made by the board of arbitrators and transmitted to the clerks of the four districts affected constituted the entire record of the board of arbitrators. If this question was one of first impression we would be inclined to hold that the record of these tribunals is composed of the petetion or petitions presented to the clerk or clerks of the district or districts and the notices posted for the election, for the reason that upon these documents depends the jurisdiction of the arbitrators to hear the appeal and from them only can it be ascertained whether or not jurisdiction was conferred upon the arbitrators to act. The school statutes are silent as to what disposition shall be made of the documents; notwithstanding their importance the statutes make no provision for their custody or perpetuation. The only record the board of arbitra-

School District, etc., v. Pace et al.

tion is required by the statutes to make is to reduce its decision to writing, sign it and hand it over to the commissioner, who is required to transmit it to the clerks of the districts affected. Referring to this record and the statute, the Supreme Court, in School District No. 35 v. Hodgin, 180 Mo. l. c. 79, 79 S. W. 148; said: "This may be thought a rather vague and uncertain evidence of the corporate existence of so important a public body as a school district, but the statute has not provided nor required anything more definite and formal by way of an announcement of its formation and creation, or as a record evidence of its right to continue existence as a corporation, and as such the citizens and the courts must recognize it, until its life and authority has been assailed and overthrown by the State in a direct proceeding by *quo warranto,* to accomplish that purpose." By this authority are we confined to the certificate of the board of arbitrators forming the new district as the sole and only record of the proceedings of the board, and are compelled to exclude from consideration all the other papers attached to and made a part of their return, for the reason they form no part of the record. This holding necessarily results in eliminating the writ of certiorari as an effective remedy for reviewing the proceedings of a board of arbitration organized under section 9742, supra; for if the certificate of the arbitrators is not absolutely void on its face, or so indefinite and uncertain as not to show jurisdiction of the board, it will stand the test of a review on writ of certiorari; if it is void on its face or so indefinite and uncertain as to be inoperative, it can be attacked in a collateral proceeding as well as by a writ of certiorari, hence a review on writ of certiorari would be a useless proceeding.

The respondents made the point that *quo warranto* and not certiorari is the appropriate remedy to test the legal existence of the new school district. School districts are declared by section 9737, R. S. 1899, to be bodies corporate, possessing the usual powers of corpor-

ations for public purposes, and the next succeeding sec-
tion requires a newly formed district to organize by
electing a board of school directors within fifteen days
after the formation of the district. The presumption is
that the new district was organized and officered before
this suit was commenced, sixty days after the formation
of the district, therefore, this proceeding is an attack on
the life of an organized public corporation possessing
the usual powers of a corporation created for public
purposes.

High says, "The propriety of a *quo warranto* infor-
mation to correct usurpations of the franchises of muni-
cipal corporations, as well as to determine the title by
which such bodies exercise their franchises, has long
been recognized in England." [High, Extraordinary
Legal Remedies, sec. 678.] Further on in the same sec-
tion the author says: "In the United States the infor-
mation has been less frequently employed against mun-
icipal corporations, although the propriety of the reme-
dy in such cases is satisfactorily established." The
same author at section 684 says:

"The creation of corporate franchises being an at-
tribute of sovereignty to be exercised only by the su-
preme power in the state, all who presume to exercise
such franchises without due authority are liable to pro-
ceedings by information in the nature of a *quo warran-
to*. And when it is sought to exercise the privileges
and powers of a municipal corporation without authori-
ty of law, an information is the proper remedy, and the
court will give judgment that the pretended corporation
be dissolved."

In State ex inf. v. Fleming, 147 Mo. 1, 44 S. W. 758;
it is said that *quo warranto* lies against an officer of a
municipal corporation. Our statute in respect to *quo
warranto* (section 4457, R. S. 1889) provides: "In case
any person shall usurp, intrude into or unlawfully hold
or execute any office or franchise, the attorney general
of the state, or any circuit or prosecuting attorney of

a county in which the action is commenced, shall exhibit to the circuit court, or other court having concurrent jurisdiction therewith in civil cases, an information in the nature of a *quo warranto,*" etc. The Supreme Court, in State ex inf. v. Beechner, 160 Mo. l. c. 84, 60 S. W. 1110, speaking of this section said: "It is more comprehensive than the statute of Anne, which was confined to officers of municipal corporations, and embraces all officers and franchises."

In the case of State ex rel. v. Stone, 152 Mo. 202, 53 S. W. 1069, a new school district had been formed by detaching territory from adjacent districts and the defendants had been chosen and were exercising the offices of directors of the new district. Information in the nature of *quo warranto* was filed against them, asking the court to oust them from office on the ground that the new school district had not been legally formed. The circuit court gave judgment of ouster against the defendants which judgment was affirmed on appeal. In State ex rel. Walker v. Dobson, 135 Mo.1, 36 S. W. 238, and State ex rel. Boyd v. Rose, 84 Mo. 198, jurisdiction to oust directors of a public school district from their offices by *quo warranto* was entertained. In School District v. Hodgin, supra, *quo warranto* is said to be the appropriate remedy to test the legality of the information of a new school district. On these authorities we think that information in the nature of *quo warranto* is the appropriate remedy to test the legality of the formation of the new district and that the motion to quash was for this reason properly sustained by the learned trial judge.

The contention of appellant, that the proceedings of a board of arbitrators, under section 9742, supra, being judicial, on common law principles its proceedings are reviewable by writ of certiorari, there being no appeal allowed by the statute. We have no doubt that this is true where the action of the board of arbitrators sought to be reviewed is for changing the boundry lines

of a district and where the existence or life of the corporation is not brought in question. But the effectiveness of the remedy under the construction of what constitutes the record of the board, it seems to us, is inadequate to reach the usurpations of jurisdiction so often exercised by these inferior tribunals, and the law ought to be amended so as to bring the whole proceedings before the reviewing court, beginning with the petition of the voters for an election and including every step taken thereafter to the final action of the board.

The judgment is affirmed. All concur.